UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 17 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| O'Dean M. Grant, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:15-cv-02198 |
| | ) | Assigned To : Unassigned |
| v. | ) | Assign. Date : 12/17/2015 |
| | ) | Description: Pro Se Gen. Civil |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Bakersfield, California. He purports to sue the United States under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO Act), 18 U.S.C. § 1961 *et seq*. Plaintiff claims that the United States has violated his "right to be free from the tyranny of the government's freemason criminal enterprise under the 1st, 4th, 5th, 6th, and 14th amendments," apparently by "poisoning" and "actively trying to kill [him] through different forms and vices, like trying to run me over." Compl. at 1. Plaintiff states, among other things, that he is a "servant of Jesus Christ of Nazareth the Messiah" and that the United States "and its government are members of a demonic cult called the 'freemason' which are anti-Christ . . . [and] are a part of a criminal gang/enterprise under the RICO act . . . ." *Id*. at 2. Plaintiff

1

accuses the FBI of, among other wrongs, drugging and sedating him and placing microchips in his "left eye, near the left ear lobe, and in the back of [his] head." *Id.* Plaintiff demands $10 billion in monetary damages.

Under the doctrine of sovereign immunity, the United States is subject to suit only upon its consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (noting that the United States may be sued only upon consent "unequivocally expressed in statutory text"). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of sovereign immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). Congress has not waived the United States' immunity with regard to constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). Nor has Congress waived U.S. immunity under the RICO Act. *See Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 262-63 (D.D.C. 2013) (citing *Norris v. Dep't of Defense*, No. 96–5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997)); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases)).

To the extent that plaintiff is also suing the State of California and various other entities and individuals, *see* Compl. at 2, "[a] district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' " *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). The instant complaint satisfies this standard and is frivolous. *See Grant v. United States*, No. 15-1796 (D.D.C. Oct. 10, 2015) (finding same of similarly pled

2

complaint). Consequently, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

DATE: December 15, 2015